**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------------
IN THE MATTER OF THE COMPLAINT OF
RUSSELL MILLS, as Owner of One 2017
Mercury Quick Silver Inflatable Motor
Vessel bearing Hull Identification
Number USA64527D717 for
for Exoneration from or Limitation of
Liability,

                                                 *Petitioner.*

------------------------------------------------------------

Civil Action No.: 3:23-cv-1637 (SVN)

## ORDER

      A Complaint having been filed herein on December 19, 2023, by the above-named Petitioner Russell Mills, as owner of One 2017 Mercury Quick Silver Inflatable Motor Vessel bearing Hull Identification Number USA64527D717 (the "Vessel"), pursuant to 46 U.S.C. § 30501 *et seq.,* involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, concerning any claims for loss, damage, and/or injury, arising or resulting in connection with an incident which is alleged to have occurred on July 9, 2022, while Petitioner's Vessel was transiting the navigable waters of the United States, as more fully described in the Complaint;

      **AND** the Complaint having stated that Petitioner's interest in the value of the Vessel on the day of the incident did not exceed the sum of $3,929.00;

      **AND** Petitioner having filed with the Court an *Ad Interim* Stipulation for Value and Costs for the benefit of any and all claimants, with surety, equal to the amount of Petitioner's interest in the value of the Vessel as of the date of the incident, with interest at the rate of 6% *per annum* from the date of said security, executed by a marine insurer.

      **NOW,** on motion of Petitioner, it is hereby:

**ORDERED** that the above-described *Ad Interim* Stipulation for Value and Costs, with interest as aforesaid, filed by Petitioner for the benefit of any and all claimants as security representing the Petitioner's interest in the value of the Vessel as of the date of the incident, be and is hereby approved; and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of Petitioner's interest in the Vessel on the date of the incident, and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive; and

**IT IS FURTHER ORDERED** that any claimant in these proceedings may express, only upon motion and good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with the surety.  In this event, Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(l) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require; and

**IT IS FURTHER ORDERED** that a Notice shall be issued by the Clerk of this Court to all persons, firms, entities or corporations, having any claim or suit against the Petitioner or his Vessel with respect to which the Complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to deliver or mail to the attorneys for the Petitioner, Timothy J. Nast, Tisdale & Nast Law Offices, LLC, 10 Spruce Street, Southport, CT, a copy thereof, ON OR BEFORE THE

**20th day February, 2024,** or be defaulted; and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such claimant shall file an Answer to the Complaint on or before the aforesaid date, unless the claim has included an Answer to the Complaint, as required by Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and deliver or mail a copy to the attorneys for the Petitioner, or be defaulted.

**IT IS FURTHER ORDERED** that the aforesaid Notice shall be published in a newspaper with a general circulation, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and copies of said Notice shall be mailed by Petitioner in accordance with this Rule to every person known to have any claim against the Vessel, or Petitioner, or to their attorneys; and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction including but not limited to the civil action in the Superior Court for the State of Connecticut, J.D. New Haven, styled <u>Vanessa Weaver v. Kaitlin Mills, et al</u>. Docket No. NNH-CV23-6138377-S, or otherwise, against the Petitioner, insurers, and/or the Vessel, and the taking of any steps, entry of any order or judgment and the making or continuing of any motion in and/or concerning such actions, suits or proceedings except in this action, with respect to the aforesaid incident, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action, and all warrants of arrest of the Vessel and/or attachments issued or sought in such other suits, actions or legal proceedings be and the same are hereby

dissolved and further warrants of arrest of the Vessel and/or attachments are hereby prohibited; and

**IT IS FURTHER ORDERED** that service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

Dated: December 21, 2023

_____
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE